IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AGNES BERNICE HOLBROOK,<br>    Petitioner, | ) ) ) | Civil Action No. 7:11-cv-00464 |
| v. | ) ) | **MEMORANDUM OPINION** |
| WARDEN,<br>    Respondent. | ) ) | By:   Hon. Michael F. Urbanski<br>        United States District Judge |

Agnes Bernice Holbrook, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after exhausting her state court habeas remedies. Petitioner alleges that Virginia Department of Corrections ("VDOC") officials improperly calculated her release date. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing this record and related proceedings in United States v. Holbrook, No. 2:01-cr-10023 (W.D. Va. Apr. 17, 2001), the court grants respondent's motion to dismiss because the state court did not unreasonably determine the facts or unreasonably apply clearly established federal law.

I.

On August 23, 2001, the United States District Court for the Western District of Virginia ordered the United States Marshal to take custody of petitioner during the pendency of her federal criminal proceedings. While these proceedings continued, the Circuit Court of Lee County, Virginia, issued a writ of habeas corpus in June 2002, requesting her physical presence in that court for state criminal proceedings. While under the primary legal and physical custody of federal officials on October 18, 2002, this United States District Court sentenced petitioner for two offenses; she received 120 months for Count I and 90 months, to be run consecutively, for Count II. Thus, her initial total federal sentence was 210 months.

1

After federal officials transferred petitioner's physical custody to state officials on March 11, 2003 via a writ of habeas corpus, the Lee County Circuit Court sentenced petitioner to 10 years with 2 years and 6 months suspended, leaving an active portion of 7 years and 6 months, for a voluntary manslaughter conviction. The Circuit Court specified that this sentence "shall run consecutive with the Federal sentence." On the same day and in the same Order, the Circuit Court also sentenced petitioner to 3 years' incarceration for using a firearm to commit murder. This sentence was specifically ordered to run concurrently with the federal sentence. Petitioner was returned to the physical custody of federal officials, who transferred her to a federal correctional facility in Florida.

Although petitioner remained in the sole legal and physical possession of federal officials, the VDOC began computing the state concurrent sentence as of April 15, 2003, while petitioner served her federal sentences in federal custody. On April 7, 2004, and while in federal custody, petitioner satisfied her three-year concurrent state sentence.[1] However, petitioner could not begin serving her voluntary manslaughter state sentence because she was in federal custody serving her federal sentence and the Circuit Court ordered that her remaining manslaughter state sentence had to be served consecutively to the federal sentence. Thus, petitioner could only serve time toward the consecutive sentence after the BOP released her and transferred physical and primary legal custody to state officials.

On May 30, 2006, the Fourth Circuit Court of Appeals reversed petitioner's federal sentences and remanded the convictions for resentencing. On August 28, 2006, the United States District Court resentenced petitioner to the same sentences, totaling 210 months, but ordered these federal sentences run concurrently with the Circuit Court's remaining active

---

[1] Prior custody credit accelerated the completion of this sentence.

2

sentence of 7 years and 6 months. However, petitioner remained in federal officials' primary legal and physical custody throughout this time. Therefore, petitioner could not yet begin to serve the seven years and six month active sentence because the Circuit Court ordered that active sentence to begin after the BOP released her, and the VDOC must comply with that order.

On January 23, 2010, the United States District Court vacated petitioner's 90 month sentence for Count II, leaving only the 120 month sentence imposed for Count I. By a new criminal judgment entered on January 26, 2010, the 120 month sentence was ordered to run concurrently to the 7 years and 6 months state sentence, which had not yet begun because federal officials continued to have exclusive primary legal and physical custody of her. This new judgment changed her time to be served with the United States Bureau of Prisons ("BOP") from seventeen and a half years to ten years, but petitioner had served nearly nine years' incarceration by the time of this new federal criminal judgment. Because about a year of imprisonment remained on her federal sentence and the new criminal judgment ordered the federal sentence to be served concurrently with the not yet begun state sentence, the BOP transferred petitioner to the physical and primary legal custody of the VDOC on May 4, 2010, to begin serving her seven year and six months state sentence. This change in custody allowed her to finish her federal time while serving her active state sentence of seven and a half years' incarceration.

Petitioner argues in the instant habeas petition that she is being held past her release date because of an error in how the VDOC calculated her sentence. After the federal district court's August 2006 order set the sentences for Count I and Count II to be served concurrently with the state sentences, the VDOC erroneously determined that petitioner's state sentence began when she was in federal custody on April 7, 2004. However, the VDOC subsequently recognized the

3

error and changed petitioner's start date for the remaining state sentence from April 2004 to May 4, 2010.

Petitioner filed her state habeas petition in January 2009, and the Circuit Court dismissed the petition after having two hearings. The Circuit Court determined that the VDOC correctly calculated petitioner's release date after reviewing the state and federal criminal judgments and the applicable law. Petitioner appealed the Circuit Court's dismissal to the Supreme Court of Virginia, which refused the appeal on September 15, 2011, because it did not find reversible error.

Petitioner then timely filed the instant federal petition. Petitioner argues that the Supremacy Clause requires the federal sentence to take priority over the state sentence. Petitioner also argues that the most recent federal judgment was "last in time" and should take precedence over the state criminal judgment. Finally, petitioner argues that the state sentence should be satisfied first because Virginia is the sovereign with primary jurisdiction of her. Petitioner concludes that VDOC officials should give her credit for the time between February 9, 2010, and April 7, 2004, when she finished her three year concurrent state sentence and could theoretically begin serving her 7 year and six month state manslaughter sentence. For the following reasons, the court cannot agree.

## II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is

4

contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. ___, 130 S. Ct. 841, 849 (2010).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). Finally,

5

"review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388 (2011).

The Circuit Court's dismissal of the state habeas petition was not based on an unreasonable determination of the facts or impermissible legal analysis. The record reveals that the Circuit Court's determination of petitioner's state and federal sentences, as already discussed in this Opinion, was correct, and petitioner fails to rebut the presumption of correctness.

## III.

The Supremacy Clause[2] requires that federal law trump state law when those laws "directly conflict." PLIVA, Inc. v. Mensing, 131 S. Ct. 2567 (2011). State and federal laws conflict where it is "impossible for a private party to comply with both state and federal requirements." Freightliner Corp. v. Myrick, 514 U.S. 280, 287 (1995). However, the Supremacy Clause is not implicated by petitioner's state and federal judgments because they are not "laws" or "treaties" and, even if they were, they could each be served without violating the terms of the other judgment. The federal judgment's description of a concurrent sentence is applicable to only the BOP, which is vested with the authority to calculate federal sentences, and not the VDOC. Similarly, the Circuit Court's judgment is applicable to only the VDOC and does not impact the BOP's federal sentence calculations.

## IV.

The concepts of legal custody, instead of simple physical custody, explain why a judgment "last in time" does not determine when petitioner began serving her sentences.

---

[2] The Supremacy Clause of the United States Constitution states, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty. . . .

United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting In re Liberatore, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996) (citing United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)). "Lending" an inmate via a writ of habeas corpus ad prosequendum to another jurisdiction does not relinquish a sovereign's primary jurisdiction. United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998) (citing Thomas v. Whalen, 962 F. 2d 358, 361 n.3 (4th Cir. 1992) (stating the state retains primary jurisdiction over a prisoner appearing in federal court pursuant to a writ ad prosequendum)). See also United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (stating a writ of habeas corpus ad prosequendum merely loans a prisoner to other authorities).

Petitioner was in federal primary custody between August 23, 2001, when the United States Marshal detained her until resolution of her federal charges, and May 4, 2010, when the BOP released her legal custody to state officials. The fact that federal officials "loaned" her physical custody to state officials in March 2003 for her state prosecution did not transfer primary jurisdiction of her to state officials. Instead, state officials received physical and legal custody of her when the BOP released her. Thus, the timing of the last federal judgment is irrelevant because petitioner remained solely in federal primary jurisdiction throughout that time. Moreover, the facts establish that petitioner incorrectly believes that Virginia had primary

7

jurisdiction prior to May 4, 2010. Accordingly, petitioner fails to rebut the Circuit Court and Supreme Court of Virginia's finding that her claims do not entitle her to relief, and the court grants respondent's motion to dismiss.

V.

For the foregoing reasons, the court grants respondent's motion to dismiss and denies as moot petitioner's motion to expedite. Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

          Entered: December 6, 2011

          /s/ Michael F. Urbanski

          Michael F. Urbanski
          United States District Judge